NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-CV-032-KKC

RAYMOND TAYLOR                                                                                    PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

UNITED STATES                                                                                     DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

Raymond Taylor, an individual currently confined in the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed *pro se* complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, *et. seq.*,[1] and motion to proceed *in forma pauperis*.

The complaint is now before the Court for initial screening. 28 U.S.C. §1915A; 28 U.S.C. §1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). The motion will be denied and the complaint will be dismissed for the reasons explained below.

ALLEGATIONS AND CLAIMS

The plaintiff complains of a 7-month stay in segregated housing as a result of the acts of Bureau of Prisons ("BOP") staff, who purportedly committed extortion, denied his right of access to the courts, and falsely imprisoned him.

The complained-of chronology of events herein begins on March 1, 2005, when Plaintiff was

---

[1] The FTCA governs circumstances under which the U.S. government consents to tort actions, those being cases: "for money damages,...for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment...." 28 U.S.C. §1346(b). In the case *sub judice*, the plaintiff uses the word negligence once, but goes on to complain of only deliberate actions by BOP staff.

charged with a prison disciplinary offense for writing a sexually explicit letter to his former teacher. He was found not guilty of the offense and the charge was later expunged, for lack of evidence. However, another incident report was written on March 16th, for disruptive conduct, and this one resulted in his lengthy stay in segregation, both administrative segregation during the investigation into Taylor's conduct and his later service of 15 days of disciplinary segregation when he was found guilty of the charge. His only other penalty for the offense was the loss of commissary privileges for 3 months. He apparently did not appeal the conviction or punishment.

Nonetheless, the plaintiff claims unspecified "personal injury, mental anguish" from the investigation and the stay in segregation. In addition to documents from the disciplinary proceedings, the plaintiff attaches a copy of an October 3, 2005 letter from BOP counsel. It shows that Taylor filed an FTCA administrative claim about the matter on May 2, 2005, and that the BOP rejected the claim on the ground that, upon investigation, it had found no evidence of any negligent act or omission by any staff person.

Four months later, Plaintiff Taylor filed the instant lawsuit. As he did in the administrative proceeding, he seeks an award of $3,000.00 in damages and injunctive relief in the form of the Court ordering that a "Threat Assessment," which was written about him during the 7-month period, be removed from his BOP central file.

LITIGATION BACKGROUND

The docket of the Court reveals that between February of 2005 and February of 2006, Raymond Taylor filed a total of six (6) *pro se* civil actions in this Court, each complaint being accompanied with a motion to proceed *in forma pauperis*. The other five cases are *Taylor v. Federal Bureau of Prisons*, 05-CV-41-KKC; *Taylor v. United States*, 05-CV-396-DLB; *Taylor v. United*

*States*, 06-CV-016-KKC; *Taylor v. United States*, 05-389-KKC; and *Taylor v. United States*, 06-CV-029-DLB.

The latter two of these listed filings are awaiting screening by the Court. The first three have been dismissed, *sua sponte*, upon screening:

> *Taylor v. Federal Bureau of Prisons*, 05-CV-41-KKC, filed February 14, 2005, was dismissed on April 26, 2005 [Record No. 4] for the plaintiff's failure to state a claim upon which relief may be granted under the United States Privacy Act, 5 U.S.C. §552a, *et seq*.
>
> *Taylor v. United States*, 05-CV-396-DLB, filed on December 12, 2005, was another case purportedly under the FTCA, the plaintiff challenging staff negligence in another disciplinary proceeding, which resulted in Taylor's suffering "mental anguish." It was dismissed under 42 U.S.C. §1997e(e). An appeal was later dismissed for the plaintiff's failure to pay the appellate fee or move for pauper status.
>
> *Taylor v. United States*, 06-CV-016-KKC, filed January 19, 2006, under the Freedom of Information Act ("FOIA"), was also summarily dismissed, the Memorandum Opinion and Order of March 30, 2006, stating that the dismissal was for the plaintiff's failure to state a claim. Record No. 4.

Thus, in a matter of months, the plaintiff has been able to file, and have the Court entertain, the preceding three cases, all without prepayment of fees. This is the fourth to be screened. Congress, however, has provided a limit to such frequent prisoner-plaintiff filings by enacting the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). The foregoing list of cases demonstrates that, while incarcerated,[2] Raymond

---

[2] The plaintiff claims to have been incarcerated for 18 straight years. The Court's database reveals 290 civil cases brought by someone named Raymond Taylor in other district courts. It is not necessary to inquire into them

3

Taylor has filed at least three prior civil cases which were dismissed as frivolous or for failure to state a claim.

Accordingly, pursuant to 28 U.S.C. §1915(g), this plaintiff's right to proceed *in forma pauperis* is suspended until and unless the prisoner "is under imminent danger of serious physical injury." In the present case, the plaintiff has not alleged any imminent danger to his health or life; nor would the facts described in his complaint permit such an assertion. Accordingly, Plaintiff Taylor's complaint must be dismissed without prejudice under 28 U.S.C. §1915(g).

In light of the foregoing, **IT IS HEREBY ORDERED** as follows:

(1)  Plaintiff Taylor's motion to proceed *in forma pauperis* [Record No. 2] is **DENIED**.

(2)  The instant action is **DISMISSED**, *sua sponte*, without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendant.

Dated this 13th day of April, 2006.

Signed By:
*Karen K. Caldwell*
**United States District Judge**

---

further, however, since the instant plaintiff has filed three cases which have been dismissed for failure to state a claim in this Court.